Willie C. TOWNSEND *v.* STATE of Arkansas

CR 74-22                                          509 S.W. 2d 311

Opinion delivered May 20, 1974

*Michael Everett*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings*, Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. On October 14, 1968, Willie C. Townsend, appellant herein, entered a plea of guilty to the crime of Burglary and Grand Larceny and was sentenced to ten years imprisonment with five years suspended on good behavior. In June, 1973, Townsend was charged, along with three other persons, with the crime of Burglary and Grand Larceny, allegedly committed on May 19, 1973, when the Bibbs Sporting Goods Store in Trumann was burglarized. On September 13, 1973, a petition for revocation for the suspended sentence given in 1968 was filed, said petition alleging that Townsend had violated the conditions upon which the suspension was granted and asking the court to revoke the suspended sentence. On October 4, 1973, the case involving the burglary of the Bibbs store was tried before a jury and a motion for a directed verdict of acquittal as to appellant was granted. This was apparently done (as indicated by court order hereafter discussed) because of the fact that the only testimony connecting Townsend with the burglary was given by an accomplice, Jack Pope, Jr. Of course, no conviction could be obtained on this evidence alone. See Ark. Stat. Ann. § 43-2116 (Repl. 1964). Thereafter, it was stipulated that the testimony of Pope given at the trial just mentioned could be received and considered by the Poinsett County Circuit Court at the revocation hearing, which was commenced on October 4. At the hearing, Bud Rollins, the Police Chief of Marked Tree, located approximately 17 miles from Trumann, and within the same county, testified that he recovered a pistol from the apartment occupied by two of the other alleged burglars and Townsend, which had been taken in the Bibbs' burglary.[1] Other witnesses testified relative to an earlier burglary in Marked Tree.[2] In rendering its opinion of revocation, the

---

[1] On motion of counsel, the testimony as to Townsend living in the same apartment with the other two defendants was stricken as being based on hearsay evidence. Subsequently, the witness was recalled, and the same testimony was given without objection.

[2] In fact, the petition for revocation was originally based upon an allegation that

court made no findings relative to the Marked Tree burglary and evidently entered the order largely on the basis of the testimony of Pope with reference to the Bibbs burglary. No question is raised by appellant that he did not have notice that the hearing would include evidence relating to the Bibbs' burglary; in fact, he stipulated that the testimony of Pope could be used in the revocation hearing. The court entered its order, stating:

> "While it is true that one can not be convicted upon the testimony of an accomplice alone, this court doesn't know of any law [that] prohibits the court from giving consideration to the testimony of an accomplice with regard to a hearing on a petition for revocation of a suspended sentence, the same having been suspended on the condition of good behavior.

> "And it is the finding of this court that the respondent defendant, Willie C. Townsend, was in the company of a defendant in case No. 2698 while a store was burglarized in the City of Trumann, Arkansas, and a quantity of pistols, ammunition and other weapons were stolen.

> "It is the further finding of the court that based upon all the testimony relative to this petition and testimony heard as a result of the appearance of one Jack Pope, Jr. in case No. 2698 that the condition of good behavior was violated and the petition is granted."

From this order, appellant brings this appeal. For reversal, appellant primarily relies upon the contention that he was placed in double jeopardy, arguing that the revocation hearing constituted a second trial on the charge of which he had been acquitted. We do not agree. The sentence which appellant had been directed to serve and in which five years were suspended on good behavior was entered on October 14, 1968. Townsend was not given an additional sentence following the revocation hearing; rather, the court only directed

---

Townsend had participated in this February, 1973 burglary of Western Auto Supply Company, but the evidence as to Townsend only reflected that he was in Marked Tree at that time. Another alleged participant in that offense, awaiting trial, refused to answer, on constitutional grounds, whether he had given Townsend guns taken in that burglary.

that he be required to serve the full sentence that had been rendered several years earlier. As we said in *Smith* v. *State*, 241 Ark. 958, 411 S.W. 2d 510:

> "A so-called 'suspended sentence' or 'suspension of sentence' is in the nature of a *privilege* extended to a defendant upon *condition* and is awarded or withheld in the court's sound discretion as to the worthiness and possibility of rehabilitation of the defendant and on conditions fixed by the court. A revocation of a suspension is in the nature of a *revocation of a privilege* previously extended, and the sufficiency of evidence as to whether or not the conditions upon which the suspension was granted have or have not been met or complied with by the defendant, also lies within the sound discretion of the trial court."

This quote from *Smith* also is apropos to appellant's contention that the evidence was insufficient to justify the revocation, it being pointed out that the question of whether conditions upon which the suspension was granted have or have not been met, lies within the sound discretion of the trial court.

In *Gross* v. *State*, 240 Ark. 926, 403 S.W. 2d 75, Gross, while under suspended sentence for burglary and grand larceny, was charged with murder. Prior to the trial, the previously suspended sentence was revoked. This, asserted appellant, constituted error because he had not been convicted at that time. We disagreed, stating:

> "Ark. Stat. Ann. § 43-2324 (Repl. 1964), which is the statutory authority for revocation of suspended sentences, contains no language so limiting the power and discretion of the trial court in such matters. ***

> "Trial courts are authorized under the statute quoted to suspend sentences when they deem it best for the defendant and not harmful to society. Likewise, when the trial court is persuaded that it is for the best interests of the defendant and of society to revoke a suspended sentence, he has and may exercise such discretion following a hearing. ***

"It is clearly in the public interest that our trial courts have and exercise the statutory discretion reposed in them with reference to the suspension of sentences in appropriate cases; and it likewise follows that trial courts should have and exercise their sound discretion in the revocation of such suspended sentences in appropriate cases. Any unreasonable limitations placed upon the trial courts in the exercise of their discretion in revoking suspended sentences could well serve to deny to some defendants suspension of sentences in the first instance."

It is finally asserted that the court abused its discretion in permitting the State to reopen its case, offering one additional witness, this testimony being heard four days later. It appears that the testimony had but little, if any, evidentiary value, but at any rate, we certainly cannot say that the court abused its discretion.

Affirmed.

FOGLEMAN, J., not participating.