Kendrick C. STORY  *v.*  STATE of Arkansas

CA CR 06-101                                    239 S.W.3d 558

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

*David W. Talley, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge.  Kendrick C. Story appeals the revocation of his suspended imposition of sentence in the Columbia County Circuit Court. He contends 1) that the trial court erred in permitting the State to reopen its case after he moved for a directed verdict, and 2) that the evidence presented before the reopening of the case was insufficient to find that he violated the terms and conditions of the suspended imposition of sentence. We affirm the revocation.

In February 1999 Story was convicted of two felony counts of theft pursuant to a negotiated plea; he was sentenced on each count to a term of imprisonment and to a suspended imposition of

sentence. The State filed a petition for revocation on June 2, 2005, and an amended petition on July 1, 2005, which read in part:

*Amended Petition for Revocation of Suspended Imposition of Sentence*

. . . .

1. That on February 25, 1999, the defendant was found guilty of Theft of Property (2 Counts) and was sentenced to a term of ten (10) years on each count in the Department of Correction and a term of five (5) years suspended imposition of sentence on each count.

2. Since that date, it is alleged that the defendant has violated the terms and conditions of his suspended imposition of sentence as follows:

(a) The defendant has tested positive and admitted use of controlled substances on numerous occasions since his release.

(b) The defendant committed the offense of Aggravated Robbery, at gunpoint, in Magnolia, Arkansas on May 11, 2004. ·

At a revocation hearing before the trial court on July 8, 2005, the State presented evidence that Story had violated the terms and conditions of the suspended imposition of sentence. Several witnesses testified regarding the robbery of the Sonic Drive In restaurant in Magnolia on May 11, 2004. Burt Errington, a parole/probation officer in Columbia County, testified as follows:

I have records from '98 through the present indicating that Mr. Story has violated the terms and conditions of the S.I.S. by using controlled substances. He either admitted or was tested and/or tested positive for the use of drugs on 4-25-01, 2-24-03, 3-17-03, 5-22-03, 5-29-03, 2-2-04 and 5-12-04. Over that period of time it's been marijuana, cocaine and methamphetamine.

The State rested its case at the conclusion of Errington's testimony.

Story moved for a directed verdict, stating the following basis:

An essential element of the case for the prosecution would be that [Story] is in fact, still under the terms and conditions of his

> suspended imposition of sentence. That would have been five years. That five years would begin on the day that he was released from prison. There has been no testimony by the State of what that day was[.]

The State responded that it was incumbent upon the defense to show that he had been out of prison for five years, and Story countered that the burden was on the State to show the day of release.

After hearing further argument, the court announced that it was taking the motion for a directed verdict under advisement. Story made a second motion for a directed verdict, this time on the basis that the State had not met its burden of proving that he had committed aggravated robbery. The trial court denied the second motion. Story presented his defense, renewed both motions for a directed verdict, and asked for a ruling. Again, the trial court announced that it would take under advisement the issue regarding the date of Story's release from prison.

On August 24, 2005, the State filed a motion to reopen the record "to enable the State to present additional testimony substantiating the fact that the State of Arkansas did file a Petition to Revoke Suspended Sentence within a time frame not exceeding five years from the date the Defendant was released on parole." By written order of October 5, 2005, the trial court granted the motion and noted the State's failure to establish at the earlier hearing the precise periods of time during which Story had been incarcerated.

The hearing to allow the State to present additional testimony was conducted on October 14, 2005. Officer Errington again was called by the State. He stated that he had reviewed the records from the Arkansas Department of Correction. He testified that Story "was released on parole on 3-27-01. If we were to go five years and we said that's the date, then the Petition to Revoke on S.I.S. would have been to 3-27-06. The Petition . . . has been filed certainly within that five years."

At the conclusion of the hearing, the court found from the additional evidence and the evidence presented at the previous hearing that Story had violated the terms and conditions of his suspended imposition of sentence by using drugs and by committing armed robbery. In a written judgment and commitment order of October 17, 2005, the trial court revoked Story's suspended imposition of sentences on the two underlying convictions of

felony theft and sentenced him to five years' imprisonment in the Arkansas Department of Correction.

Story submits in his first point on appeal that the State should not have been permitted to correct its initial failure to establish the period of time that he was incarcerated, a deficiency of proof that he had raised in a motion for a directed verdict. We agree with the State that no error occurred.

A motion for a directed verdict allows the trial court the option of either granting the motion or allowing the prosecution to reopen its case to supply the missing proof. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003). When specific grounds are stated in a directed-verdict motion and absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Id.* (citing *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997); *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994); *Brown v. State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Standridge v. City of Hot Springs*, 271 Ark. 754, 756, 610 S.W.2d 574 (1981)). The trial court's power to permit the State to reopen its case after the parties have rested is discretionary, and the decision to reopen will not be reversed absent an abuse of that discretion. *Holloway v. State*, 312 Ark. 306, 849 S.W.2d 473 (1993). The reasoning behind this rule is to permit omitted or overlooked evidence to get to the fact-finder before it reaches a decision, when the defendant is not surprised by the introduction or otherwise prejudiced or placed at a disadvantage that cannot be overcome. *Id.*

The additional evidence that the prosecution sought to introduce included dates of Story's sentencing and release on parole, a deficiency noted by Story in his motion for a directed verdict and an essential element of the timeliness of the State's filing its revocation petition. We hold that the trial court did not abuse its discretion in reopening the case to allow the additional evidence. Furthermore, we agree with the State that Story cannot claim that he was surprised or prejudiced by this additional evidence, as it related to dates of which he surely was keenly aware.

Story asserts in his second point on appeal that the State failed to timely present evidence at the first hearing that he was still subject to the period of suspended imposition when the State filed its revocation petition. However, evidence on this issue was presented at the subsequent hearing when the State was allowed to

present additional testimony. In light of our holding that reopening the case for the presentation of additional evidence was not in error, this point becomes moot.

Affirmed.

BAKER and ROAF, JJ., agree.