SLIP OPINION

Cite as 2014 Ark. App. 606

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–86

BOBBY JOHNSON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** November 5, 2014

APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT
[NO. 37CR-07-5-3]

HONORABLE KIRK JOHNSON, JUDGE

AFFIRMED

## BILL H. WALMSLEY, Judge

Appellant Bobby Johnson appeals from the Lafayette County Circuit Court's revocation of his probation. He argues that the trial court erred by taking judicial notice that he was aware of the conditions of his probation and that the trial court erred in permitting the State to reopen its case after the court had made its ruling. We affirm.

On April 6, 2009, Johnson pleaded guilty to committing three counts of breaking or entering and three counts of theft of property. He received five years' probation, and the sentencing order indicates that conditions of probation were attached to the order. On October 5, 2012, the State filed a petition to revoke, alleging numerous violations of those conditions.[1] Because Johnson does not challenge any particular violation, our summary of the

---

[1]The State previously filed a petition to revoke on October 5, 2009, but it was dismissed for failure to hold a timely hearing.

testimony will be limited to that which pertains to his arguments on appeal.

*Revocation Hearing - September 18, 2013*[2]

Andrew Gibson and Hardy Sheppard, Johnson's probation officers since April 2012 and from October 2011 until April 2012, respectively, testified that Johnson violated several conditions of his probation. Further, Sheppard testified that, although he did not witness Johnson signing the conditions of probation, it is routine practice for a probationer to initial the conditions and sign the document. He stated that the probationer is given a copy, the probation officer keeps a copy, and the judge gets a copy to file. The conditions of probation were introduced into evidence over Johnson's objection to a lack of foundation.

Johnson moved for a directed verdict arguing that there was no evidence that he had reviewed or signed the conditions of probation. The trial court denied the motion.

Johnson testified that he did not violate any conditions of his probation and asserted that the State's witnesses were lying. Specifically, Johnson testified that he always called in if he could not report in person, that he should have been reporting every three months, instead of every month, based on what other probationers had told him, that he did not have any positive drug tests, that he paid his fines and fees, and that he would have submitted to a drug assessment if he had been aware that one was scheduled by his probation officer. Johnson also testified that in March 2012 he was put in jail for two days for failing to report to his probation officer. Finally, Johnson claimed that he did not review, initial, or sign any

---

[2]The trial court granted several continuances, and Johnson waived the sixty-day requirement under Ark. Code Ann. § 16-93-307(b)(2) (Supp. 2011).

SLIP OPINION



conditions of probation.

The trial court found that Johnson violated several conditions of his probation and announced his sentence from the bench: an aggregate term of ten years' imprisonment to be followed by a sixteen-year suspended imposition of sentence.

Johnson filed his notice of appeal on October 15, 2013, although the trial court's sentencing order had not yet been entered. On October 16, 2013, the State moved to reopen its case to clarify that Johnson indeed signed the conditions of probation and was provided with a copy.

*Reopening of the Case - October 31, 2013*

Johnson moved to dismiss the State's petition, arguing that fundamental fairness prohibited the trial court from granting the State's petition. The prosecutor explained that he was not aware until Johnson took the stand that he would deny signing and receiving a copy of the conditions of probation. The trial court denied Johnson's motion to dismiss.

Alan Elmore, the probation officer whose signature appears on the conditions of probation, identified his and Johnson's signatures. Elmore stated that, although he did not specifically remember Johnson signing the document, he would not have signed it without Johnson's initials and signature. Elmore further testified that it was his practice to review the conditions with the probationer and to give him a copy. Elmore stated that there was "no doubt" in his mind that Johnson signed the document on April 7, 2009.

While Johnson acknowledged knowing Elmore, he denied seeing him in April 2009. Following Johnson's testimony, the trial judge commented on the reopening of the case. The



judge stated that he had already determined that Johnson signed the conditions of probation and was given a copy, so the hearing had no impact on that finding. Also, the judge had assured Johnson at the beginning of the hearing that he would not receive any additional time in prison.

In its written findings of fact, the trial court found that Johnson had violated several conditions of his probation. Further, the trial court found that Johnson was not credible in asserting that he did not receive the conditions of his probation and did not sign them because the conditions had been filed for four years; there was a previous petition to revoke; Johnson's denial that he violated the conditions contradicted his statements that he was not aware of them; and Johnson sporadically complied showing that he knew what was expected of him. The trial court noted that it allowed the State to reopen the case because Johnson had failed to put the State on notice of his defense and because the sentencing order had not yet been entered.

The trial court entered its sentencing order on October 31, 2013, setting forth the same punishment as was pronounced from the bench at the September hearing. On November 13, 2013, Johnson filed an amended notice of appeal.

*Discussion*

To revoke probation, the burden is on the State to prove the violation of a condition of the probation by a preponderance of the evidence. *Patterson v. State*, 99 Ark. App. 136-A, 257 S.W.3d 921 (2007). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are

different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation. *Id*. Thus, the burden on the State is not as great in a revocation hearing. *Id*. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial court's superior position. *Id*.

On appeal, Johnson argues that in order to prove that he willfully violated the conditions of his probation, the State had to show that he received a copy of those conditions. He contends that to make such a showing, the State had to have offered a document containing his initials and purported signature, *and* the probation officer who reviewed the conditions had to testify that he discussed the conditions with him. According to Johnson, the State failed to prove this at the revocation hearing, and Elmore's testimony should be disregarded.

Arkansas Code Annotated section 5-4-303(e) (Repl. 2013) provides that if the court places a defendant on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released. There is no corollary requirement that the defendant sign a written acknowledgment when he receives the written statement or that one be introduced at a revocation hearing. *Givan v. State*, 2013 Ark. App. 701. Even without considering Elmore's testimony, the trial court found that Johnson received a copy of the conditions of his probation based on Sheppard's testimony about his routine practices. *See Patterson*, *supra* (recognizing that, as a representative of the probation office, probation officer had personal knowledge of office's practices in informing probationers

5

of what is expected of them). Moreover, Johnson indicated by his testimony that he was aware of the conditions of his probation when he disputed the violations and partially complied with the conditions. *Givan*, *supra* (holding that trial court did not clearly err in finding that appellant was aware of the conditions of probation where there was evidence that he paid fines and fees and reported as required by terms of his probation). We cannot say that the trial court's determination that Johnson willfully violated a known condition of his probation was clearly against a preponderance of the evidence.

Next, Johnson argues that, in moving for a directed verdict, he specifically pointed out that the State had failed to prove that he received and signed the conditions; therefore, the State was on notice that this was a disputed fact, yet the State did not immediately move to reopen the case. Johnson claims that permitting the reopening prejudiced him because it was the difference between the State being able, or not being able, to prove its case.

When specific grounds are stated in a directed-verdict motion and absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Story v. State*, 96 Ark. App. 184, 239 S.W.3d 558 (2006). The trial court's power to permit the State to reopen its case after the parties have rested is discretionary, and the decision to reopen will not be reversed absent an abuse of that discretion. *Id*. We hold that the October hearing did not supply any "missing proof" because the evidence presented at the September hearing was sufficient to revoke Johnson's probation. Nevertheless, the trial court did not abuse its discretion by hearing additional testimony.

Although the trial court revoked Johnson's probation following the September hearing,

no sentencing order had been entered. Even after pronouncing sentence from the bench, the circuit court retains jurisdiction and may modify its pronounced sentence prior to entry of the sentencing order. *Jones v. State*, 2014 Ark. App. 167. The October hearing had no impact on the trial court's decision—Elmore's testimony only confirmed what was already found, i.e., that Johnson received a copy of the conditions of his probation.[3] Further, Johnson cannot show prejudice because there was already sufficient evidence from the prior hearing to support the revocation, and Johnson's sentence was not affected by Elmore's testimony. We hold that the trial court did not abuse its discretion in permitting the State to reopen its case.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*John Wesley Hall, Jr.*, and *Sarah M. Pourhosseini*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

[3]In *Townsend v. State*, 256 Ark. 570, 509 S.W.2d 311 (1974), the supreme court held that the trial court did not abuse its discretion in permitting the State to reopen its case to offer one additional witness four days after the revocation hearing. The court noted that the testimony had little, if any, evidentiary value but, in any event, the court "certainly" could not say that the trial court abused its discretion. *Id.* at 574, 509 S.W.2d at 313.