

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR–14–839

|  |  |
|---|---|
| KYLE DALE SPARKMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 4, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CR–12–690–C]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

On January 16, 2013, appellant Kyle Sparkman pleaded guilty to second–degree battery and received five years' suspended imposition of sentence (SIS). Conditions of appellant's SIS included good behavior. Appellant was ordered to pay restitution in the amount of $11,301.79 as well as fines, costs, and fees in the amount of $1281. The State filed an amended petition[1] to revoke appellant's SIS on July 29, 2014, alleging that appellant had violated the terms and conditions of his suspended sentence by failing to pay restitution, fines, costs, and fees as ordered; by committing the offense of shoplifting; and by committing the offense of third–degree domestic battery. Appellant's SIS was subsequently revoked, and he

---

[1]The State filed its initial petition to revoke on June 24, 2014. It subsequently filed another petition to revoke on June 26, 2014. On June 27, 2014, the State filed a motion to withdraw the first petition and replace it with the June 26 petition.

was sentenced to three years' imprisonment with an additional three years' SIS. Appellant appeals, arguing that the State's evidence was insufficient to support the revocation of his SIS. We affirm.

In order to revoke a suspension or probation, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation.[2] The appellate court will not reverse a revocation unless the decision is clearly against the preponderance of the evidence.[3] Deference is given to the trial court's superior position to determine credibility and the weight to be accorded testimony.[4] Where the alleged violation is a failure to make court-ordered payments, it is the State's burden, by a preponderance of the evidence, to prove that the failure to pay was inexcusable.[5] Once the State introduces evidence of nonpayment, a defendant then bears the burden of going forward with some reasonable excuse for his failure to pay.[6] Additionally, because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation

---

[2] Ark. Code Ann. § 16-93-308(d) (Supp. 2013).

[3] *Denson v. State*, 2012 Ark. App. 105.

[4] *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005).

[5] *Phillips v. State*, 101 Ark. App. 190, 272 S.W.3d 123 (2008).

[6] *Id.*

2

of probation.[7]    Thus, the burden on the State is not as great in a revocation hearing.[8]    The State need only show that the defendant committed one violation to sustain a revocation.[9]

The revocation hearing took place on August 26, 2014.    At the beginning of the hearing, payment logs were introduced, without objection, showing that appellant owed $11,231.79 in restitution and $1281 in fines, costs, and fees.

Jeremy Shane Blaylock, an asset-protection associate, testified that he was working at Wal-Mart located on Zero Street in Fort Smith on June 17, 2014, when he came in contact with appellant.    He stated that appellant attempted to conceal a tablet cover and leave the store without paying for it.    He said that appellant was arrested and charged with shoplifting. He also testified that appellant subsequently pleaded guilty to the charge.

Appellant's mother, Deborah Sparkman, testified that she and appellant got into an argument on July 27, 2014, which resulted in appellant pushing her and causing her to fall onto the couch and then to the floor.    She stated that as a result, she had two or three scratches on her hand.

On cross-examination, Deborah stated that she and appellant were in each other's face when he pushed her.    She said that she was not seriously injured.    Deborah testified that appellant was working for a construction company but that the employment ended when the

---

[7]*Johnson v. State*, 2014 Ark. App. 606, 447 S.W.3d 143.

[8]*Id.*

[9]*Maxwell v. State*, 2010 Ark. App. 822.

company wanted appellant to go out of state. She stated that she believed that as a condition of appellant's SIS, he was not allowed to leave the state.

On redirect, Deborah indicated that appellant had worked construction for about a year and a half for Dusty Sweeney.

Tim Koenigseder of the Fort Smith Police Department testified that he was the officer who worked the battery call on July 27, 2014. He stated that Deborah told him that she and appellant got into an argument and that appellant ended up shoving her. Koenigseder said that he saw a red mark or a scratch on Deborah's left hand at that time. According to Koenigseder, appellant stated that he and Deborah started arguing; that Deborah raised her finger, leading him to believe that she was going to hit him; and that he "gently sat her on the couch."

On cross-examination, Koenigseder stated that Deborah admitted that she got in appellant's face and pulled her hand up. He said that appellant and Deborah "both gave pretty much the same account as to what led up to the occurrence. The only real difference is that she said he shoved her and he said he gently sat her down."

At the conclusion of the hearing, the court found that appellant had violated the terms and conditions of his suspended sentence by not paying restitution, fines, costs, and fees as ordered; by committing theft; and by committing third-degree battery.

Evidence supports the court's finding that appellant violated the terms and conditions of his suspended sentence by committing theft, a charge for which he pleaded guilty. Because



this violation is sufficient to support appellant's revocation, we do not reach the court's other findings. Accordingly, we affirm.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*Aubrey L. Barr*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.