Cite as 2023 Ark. App. 17

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-22-361

| | | |
|---|---|---|
| GEOFFERY BASHAM | | Opinion Delivered JANUARY 25, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-19-296] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CARLTON D. JONES, JUDGE |
| | APPELLEE | |
| | | REVERSED AND DISMISSED |

**ROBERT J. GLADWIN, Judge**

Geoffery Basham appeals the March 14, 2022 revocation of his probationary sentence by the Miller County Circuit Court. Basham argues that the circuit court erred in not granting his motion for directed verdict and revoking his probation in the absence of proof that he received and signed conditions of his probation and that he knew the exact terms of his probationary sentence. We reverse and dismiss.

I. *Facts and Procedural History*

On May 14, 2019, a criminal information was filed against Basham charging him with possession of a controlled substance, meth-cocaine, a Class D felony; possession of drug paraphernalia, a Class D felony; and simultaneous possession of drugs and firearms, a Class Y felony.

In July 2021, Basham pleaded guilty to all three of the charges, and for each, he was sentenced to probation—seventy-two months' probation for the possession-of-a-controlled-substance and possession-of-paraphernalia charges and 120 months' probation for the possession-of-drugs-and-firearms charge. His sentencing order was entered on August 11, 2021. Basham's judgment evidenced that he was advised and understood he would need to comply with the conditions imposed in these sentences, which included a total court-ordered payment in the amount of $3,165, but there was a failure to attach his signed acknowledgment of such in writing.

On September 22, 2021, the State filed a petition to revoke Basham's probation alleging that he had failed to (1) report to the supervising officer; (2) notify the supervising officer of a change of residence; (3) pay court-ordered financial obligations; and (4) pay the suspended-sentence or probation-supervision fees ordered by the court.

On February 7, 2022, an amended petition for revocation was filed along with an amended revocation report of probated sentence violation and recommendation to revoke, which added the additional allegation that Basham had committed an offense against the laws of this state—specifically, that on October 18, 2021, he failed to appear in the Miller County Circuit Court.

Basham's revocation hearing was held on February 28. Basham's probation officer, Officer Timothy O'Malley, confirmed that he had been responsible for ensuring Basham's compliance with the terms and conditions of his probation imposed on July 26, 2021; however, O'Malley was not present in court that day. He testified that Basham had been

2

released on bond following imposition of judgment and noted that, pursuant to procedure, he instructed Basham to report to his office for intake on July 27, in part, because Basham needed to sign a written acknowledgment of the conditions of his probation.

O'Malley testified that he met with Basham at the probation office on July 27 but explained that he was unable to complete the intake process because Basham left early that day because of a family emergency. O'Malley acknowledged that the terms of Basham's probation had not yet been uploaded into the CourtConnect system but pointed out that he had a spare copy of the conditions routinely imposed on probationers in his office that day. O'Malley testified that he provided this document to Basham on July 27, who confirmed that he understood his probation was conditioned, in part, on his reporting to the probation office, not committing any new offenses for the duration of his sentences, and making his court-ordered payments. O'Malley further stated that he "attempted to get him to sign them" before Basham left the probation office and, on cross-examination, reiterated, "I did go over [the written] conditions" with Basham on July 27, 2021.

O'Malley also testified that other officers contacted Basham at his residence on July 30, instructing him to report to the probation office located in Little Rock on August 4 but that Basham failed to do so. Thereafter, on August 25, O'Malley spoke to Basham via telephone, advised him that his request to transfer his probation to Pulaski County had been denied, and directed Basham to report to his office on August 27. O'Malley stated that Basham again failed to report and that he "was never able to make contact with [Basham] again."

Regarding Basham's alleged failure to satisfy his court-ordered payments, the State presented testimony that Basham had failed to make any payments following the imposition of his probation sentences in 2021 and introduced a copy of his payment ledger as an exhibit, which evidenced no payments and a total outstanding balance of $3,225.

Last, the circuit court considered evidence introduced by the State that Basham had committed a new offense—specifically, failure to appear on October 5, 2021, in connection with then-pending rape charges.

At the close of the State's case, Basham moved for a directed verdict specifically arguing that the State had failed to prove that he had received express written notice of the exact terms and conditions of his probation, citing the absence of any testimony or documentation that he had signed the same when he met with O'Malley.

The circuit court began its ruling by addressing Basham's argument that no signed conditions of probation were introduced into evidence. The circuit court cited *Costes v. State*, 103 Ark. App. 171, 267 S.W.3d 639 (2008), and *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004), noting: "There the Court of Appeals stated that whether there is proof that a probationer received written conditions of probation is a procedural matter and not one of sufficiency of the evidence because the purpose of proving the conditions in writing is to permit [sic] confusion on the probationer's part."

The circuit court noted that Basham received something (i.e., the intake packet from O'Malley), although it may not have been the exact conditions of his probation , that would have advised him of what his obligations were while on probation. The circuit court also

4

found it "[s]omewhat telling" that Basham never asked O'Malley where he might need to make his payments.

The circuit court rejected Basham's argument, credited O'Malley's testimony that he had provided written notice of the exact conditions to Basham on July 27, 2021, and added that he was "certain" Basham had been advised, in court, to report to the probation office when judgment was imposed.

Basham presented no evidence in his defense. The State then moved to reopen its case to introduce the alleged intake packet that Basham had signed, which O'Malley had obtained from his office after he testified, but the circuit court denied the request, finding that the previously presented evidence was sufficient to support revocation in light of Basham's new failure-to-appear offense, his repeated failures to report to the probation office, and the inexcusable failure to have made any attempt to satisfy the court-ordered payments.

During sentencing, the circuit court directly addressed Basham and asked if he understood that he faced a significant prison term for having failed to report to his probation officer. Basham acknowledged his failures to do so before he was sentenced to seventy-two months on each of the two original charges he had pled to and twenty years on the third charge of possession of drugs and firearms, to be served in the Arkansas Department of Correction, with all sentences to run concurrently. The sentencing order was filed on March 14, and the notice of appeal was timely filed on March 15.

## II. *Standard of Review and Applicable Law*

A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2022). In *Workman v. State*, 2022 Ark. App. 74, at 4, 640 S.W.3d 434, 436, we held the following:

> To revoke a defendant's probation, the State must prove that the defendant violated a condition of probation. *Bennett v. State*, 2021 Ark. App. 351, 634 S.W.3d 581. The State bears the burden of proving a violation by a preponderance of the evidence. *Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116. On appeal, we will affirm a circuit court's revocation of probation unless the decision is clearly against the preponderance of the evidence. *Id.* We have long held that to sustain a revocation, the State need only show that the defendant committed one violation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490.

The State's burden of proof is less than is required to convict in a criminal trial, and evidence that is insufficient to convict may still support revocation. *E.g.*, *Johnson v. State*, 2014 Ark. App. 606, at 4–5, 447 S.W.3d 143, 146. When considering sufficiency challenges, this court defers to a circuit court's superior position in evaluating a witness's credibility and the weight to be given his testimony. *E.g.*, *Vangilder v. State*, 2018 Ark. App. 385, at 3, 555 S.W.3d 413, 415.

When probation is imposed, Arkansas Code Annotated section 5-4-303(e)(2) (Supp. 2021) provides that defendants shall be given a written statement explicitly setting forth the conditions under which he or she is being released. *E.g.*, *Johnson*, 2014 Ark. App. 606, at 6, 447 S.W.3d at 147. The purpose of this written-notice requirement is to assist a defendant in leading a law-abiding life, *see* Ark. Code Ann. § 5-4-303(a), and to avoid any

misunderstanding that a violation of the conditions of a probation sentence may result in its revocation. *E.g.*, *Gilbreth v. State*, 2020 Ark. App. 86, at 6, 596 S.W.3d 29, 33.

### III. *Discussion*

Basham argues that in denying his motion for directed verdict based on the State's failure to produce written, signed conditions of probation showing what, exactly, was expected of Basham, the circuit court misapplied *Costes*, 103 Ark. App. 171, 267 S.W.3d 639, and *Nelson*, 84 Ark. App. 373, 141 S.W.3d 900. Both cases dealt with the requirement that an objection to the lack of written conditions of probation be raised in the circuit court in order for the issue to be preserved for appeal. We agree.

Costes had her probation sentence revoked as a result of a drug offense. This court ruled that her argument challenging the results of the search and seizure, which was the basis of the petition for revocation, was not preserved for review on appeal. Costes also attempted to argue that the State failed to enter into evidence conditions of her probation on which to establish any violation. This court ruled that because that argument was raised for the first time on appeal, it was likewise not preserved for review.

And in *Nelson*, Nelson's revocation hearing was held at the same time as his bench trial on new charges. The circuit court found Nelson guilty of the new charges and also revoked his probation as a result of the supporting evidence produced at the bench trial. Nelson failed to object at the revocation hearing on the basis that he was not furnished a written statement of his conditions. This court refused to consider issues raised for the first time on appeal.

7

In both *Costes* and *Nelson*, this court refused to entertain arguments about the failure of the State to produce written conditions of probation. We held that the issue was waived because the defendants did not raise the written-conditions argument in circuit court. Both cases are clearly distinguishable in that during Basham's revocation hearing, he specifically argued that the failure to introduce signed conditions of probation negated the State's proof that he knew the exact conditions of his probation. Although *Costes* and *Nelson* demonstrate that a defendant must raise in the circuit court an objection to the failure of the introduction of conditions of probation to preserve the issue on appeal, it is clear that Basham's contemporaneous objection regarding the missing conditions of probation in his case cause it to procedurally fit squarely within the parameters set out in *Costes* and *Nelson*. Accordingly, we hold that the issues of the State's failure to produce written, signed conditions of probation and Basham's lack of exact knowledge thereof are preserved for appellate review.

Recent appellate cases reinforce the importance of the requirement that written conditions of probation be given to a defendant. For example, in *Ball v. State*, 2021 Ark. App. 209, at 4, 624 S.W.3d 111, 113, this court noted:

> The reason for the statutory requirement to give a defendant conditions in writing is to avoid any misunderstanding. *Gilbreth v. State*, 2020 Ark. App. 86, 596 S.W.3d 29. This requirement comports with due process; circuit courts have no power to imply and then later revoke on conditions that were not expressly communicated in writing to the defendant. *Id.* Here, the sentencing order expresses in writing the requirement of Ball "to complete 15 days community service." In fact, the prosecuting attorney remarked at the end of the revocation hearing that the sentencing order contained in writing the requirement that he complete fifteen days of community service. Ball has successfully argued that the State failed to prove that he violated that written condition and that the circuit court clearly erred.

Basham argues that *Ball* is important because it is a 2021 case and because it (1) tracks the language used by the circuit court to deny Basham's motion for directed verdict and (2) demonstrates the appellate court's stance on the importance of providing a defendant with written conditions of his probation. His point is well taken.

The reason for the statutory requirement to provide written conditions to a defendant is to avoid any misunderstanding. *Gilbreth*, *supra*. Basham's argument did not go to the sufficiency of the evidence to revoke his probation; rather, it was to challenge the State's failure to produce proof that he had exact knowledge of his conditions of probation. He argues that without such proof, the State cannot show that he knowingly violated a specific condition.

The revocation case brought by the State relied on a single legal theory—that Basham violated specific conditions of his probation. The State's failure to produce any documentation to demonstrate that Basham had ever received and acknowledged any specific conditions of his probation—specific conditions alleged by the State to have been violated—constitutes reversible error.

The relevant statute clearly sets out that the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released. *See* Ark. Code Ann. § 5-4-303(e); *Wade*, 64 Ark. App. at 112, 983 S.W.2d at 150. Yet the circuit court noted in its denial of the directed-verdict motion that it "[w]ould love to in the future if there be one see the intake packet because if it contains the items that are testified to by Mr. O'Malley, then obviously Mr. Basham received something. It may not have been his exact

9

probation conditions, but it would have advised him of what his obligations are while he is on probation."

Although we cannot know the degree to which the notion of an unintroduced intake packet played in the court's denial of Basham 's motion for directed verdict, its repeated reference to the intake packet is concerning. No intake packet was introduced into evidence during O'Malley's testimony, and the circuit court ruled against the State's belated attempt to have it introduced after the close of all the evidence.

Moreover, it would not have been proper for the circuit court to rely on the content of exhibits not introduced into evidence. Basham's counsel argued that O'Malley admitted that the intake packet contained incorrect information regarding where payments were to be sent, yet the circuit court referenced the rejected intake packet, stating, "If it contains the items that are testified to by Mr. O'Malley, then obviously Mr. Basham received *something*." (Emphasis added.)

That is not what is required by the State's statutory obligation to provide a defendant with written conditions of probation as required by Arkansas Code Annotated section 5-4-303 and *Wade*, *supra*. There is simply insufficient evidence before us that Basham received—or understood—the exact and specific conditions of his probation. While Officer O'Malley testified that, as was his standard practice, he presented a written copy of the terms of probation to Basham in his office on July 27, 2021, and confirmed that Basham understood he would be required to report as instructed, not commit any new offenses, and make the court-ordered payments, the circumstances of this case are distinguishable from *Johnson*,

*supra*, on which the State relies for the proposition that compliance with section 5-4-303(e) neither requires that a probationer sign a written acknowledgement that he received the conditions of his probation nor requires that such documentation be introduced at his revocation hearing. *See Johnson*, 2014 Ark. App. 606, at 6, 447 S.W.3d at 147. We note that in *Johnson*, the conditions of probation in question were introduced into evidence over the defendant's objection to a lack of foundation.

We also note that this case is distinguishable from *Valencia v. State*, 2016 Ark. App. 176, at 3, in which we affirmed a revocation for failure to pay court-ordered payments despite the absence of evidence that the defendant was "served" with the terms and conditions of her suspended sentence when the sentencing order itself contained all the necessary information regarding the court-ordered payments to put the defendant on notice of the requirements and process for payment. The sentencing order in the current case does not contain such necessary information regarding Basham's court-ordered payments.

Reversed and dismissed.

ABRAMSON and BROWN, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

11