Jason Shawn MORGAN *v.* STATE of Arkansas

CA CR 00-595                          37 S.W.3d 684

Court of Appeals of Arkansas
Division IV
Opinion delivered February 21, 2001

*Blackmon-Solis & Moak, L.L.P.,* by: *DeeNita D. Moak,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Leslie Fisken,* Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. The circuit court revoked appellant Jason Morgan's probation, finding that he had violated the terms of his probation by testing positive for drugs. Morgan appeals, arguing that the trial court erred because (1) he was not provided with written notice of the controlling order and conditions of the probation and (2) there was no evidence that he had violated a condition of his probation. We affirm.

On October 18, 1996, Morgan entered a plea of nolo contendere to second-degree battery and was sentenced to four years' probation. The relevant conditions of his probation required him to pay a monthly probation fee, to submit to random drug testing, and to refrain from committing an offense punishable by imprisonment. Morgan signed the order of probation, acknowledging receipt of a copy.

The State filed a petition for revocation on March 23, 1998, based on Morgan's failure to comply with the conditions of his probation as he had failed to report, failed to pay final obligations, and tested positive for marijuana twice. After a hearing, the circuit court declined to revoke Morgan's probation but added two terms to his probation — 120 days in the Johnson County Detention Center and a requirement that Morgan complete a drug-rehabilita-

tion program. The order also stated that all previous conditions from the prior probation order were to remain in effect. The court entered a judgment on August 20, 1998, which did not include any acknowledgment of receipt by Morgan.

On September 13, 1999, the State filed a second petition to revoke Morgan's probation for failure to pay probation fees, continued use of marijuana, and commission of new criminal activity. After a hearing on October 15, 1999, the court found by a preponderance of the evidence that Morgan had violated the terms of his probation by testing positive for drugs. The court revoked Morgan's probation and sentenced him to eighteen months' imprisonment.

Morgan appeals, arguing that the trial court erred in revoking his probation because he was not provided with written notice of the terms of probation in the August 20, 1998, order. He claims that the 1998 order superseded the 1996 order, and that, because he did not receive written notice of the 1998 order, pursuant to Ark. Code Ann. § 5-4-303(g) (Supp. 1999), the revocation should be reversed. Section 5-4-303(g) provides: "If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released."

█ Morgan made the same argument to the trial court at the October 15, 1999, hearing. The court found that, because Morgan violated the terms of his original probation order of which he received notice, the argument was without merit. The trial court was correct. The State's revocation petition was based on the violation of probationary terms contained in Morgan's 1996 probation order, not the additional terms the 1998 order imposed. Morgan acknowledges receiving notice of the 1996 order; therefore he had written notice of the terms of probation he violated.

█ Morgan next argues that, although he did receive notice of the 1996 order, the original conditions of his probation did not include a provision that he refrain from drug use, the basis for his probation revocation. Hence, Morgan seems to argue there was insufficient evidence that he had violated the terms and conditions of his suspended sentence. However, Morgan did not make this argument to the trial court and failed to move for dismissal at the

end of the hearing. Our supreme court has held that Ark. R. Crim. P. 33.1, as amended, requires a defendant in a revocation proceeding to move for dismissal, stating the specific grounds therefor, in order to preserve the question of the sufficiency of the evidence to support the verdict or judgment. *Miner v. State*, 342 Ark. 283, 28 S.W.3d 280 (2000). Moreover, in the absence of a specific objection below, the trial court had no opportunity to consider Morgan's sufficiency argument. It is equally well settled that we will not address arguments raised for the first time on appeal. *Windsor v. State*, 338 Ark. 649, 655, 1 S.W.3d 20 (1999); *see also McGhee v. State*, 330 Ark. 38, 42, 954 S.W.2d 206, 208 (1997). Given Morgan's failure to make a specific motion for dismissal, we affirm the trial court's order revoking his probation.

█ █ Even if this court could reach the merits of Morgan's argument, it is without merit. In a hearing to revoke, the burden is upon the State to prove a violation of a condition of the suspended sentence by a preponderance of the evidence; on appellate review, the trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992); *Russell v. State*, 25 Ark. App. 181, 753 S.W.2d 298 (1988). Since a determination of the preponderance of the evidence turns on questions of credibility and weight to be given testimony, this court defers to the trial court's superior position. *Lemons, supra.*

█ The 1996 order states that, "the defendant shall submit to random drug testing." The order also provided that Morgan "shall not commit an offense punishable by imprisonment during the period of probation." Morgan asserts that he complied with the explicit conditions of the order as he did submit to random drug tests. Though Morgan tested positive for marijuana on May 25, 1999, and on June 23, 1999, and signed a confession that he used marijuana on June 23, 1999, he asserts that he was only ordered to submit to the tests, not to test negative. This argument is without merit. Morgan admitted using marijuana, in addition to his positive drug tests, clearly constituting evidence that he possessed marijuana, a controlled substance. *See Davis v. State*, 33 Ark. App. 198, 804 S.W.2d 373 (1991) (holding that a statement amounts to confession only if there is admission of guilt as to commission of criminal acts). The possession of a controlled substance is an offense punishable by imprisonment. *See* Ark. Code Ann. § 5-64-401(c) (Repl. 1997)

(providing that the punishment for a first offense for possession of a controlled substance is a Class A misdemeanor). *See also Powell v. State*, 33 Ark. App. 1 (1990) (finding that guilt of a Class A misdemeanor constitutes a violation of a probation condition of "refraining from violating any law which is punishable by imprisonment"). Thus, the trial court's revocation of Morgan's probation is supported by a preponderance of the evidence.

Affirmed.

PITTMAN and BAKER, JJ., agree.