Reversed and remanded in part, and affirmed in part.

HART and ROBBINS, JJ., agree.

Reggie Joe PATTERSON *v.* STATE of Arkansas

CA CR 06-736                                              257 S.W.3d 921

Court of Appeals of Arkansas
Opinion delivered May 30, 2007

Scott A. Strain, for appellant.

Dustin McDaniel, Att'y Gen., by: Carolyn Boies Nitta, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge. Appellant, Reggie Patterson, appeals from the revocation of his probation. For his sole point of appeal, he contends that the trial court erred in finding that he willfully refused to comply with his probation requirements, arguing in particular that the State did not produce a signed acknowledgment from him that he had received the written terms of his probation. We affirm.

Because of the limited nature of appellant's argument on appeal, it is unnecessary to recount the testimony from the revocation hearing beyond that which deals with the issue on appeal, which can be done within the argument itself. Briefly, we note that evidence was presented at the hearing that appellant had committed several criminal offenses, including aggravated robbery, first-degree battery, residential burglary, theft of property, and aggravated assault. In addition, there was testimony that he had not performed his community service nor paid certain fees and restitution.

### Standard of Review

In Jones v. State, 355 Ark. 630, 633, 144 S.W.3d 254, 255-56 (2004), our supreme court explained:

> We note at the outset our well-settled law regarding revocation of probation or suspended sentence. To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. Ark. Code Ann. § 5-4-309(d) (Supp. 2003). See also Williams v. State, 351 Ark. 229, 91 S.W.3d 68 (2002); Bradley v. State, 347 Ark. 518, 65 S.W.3d 874 (2002). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or sus-

pended sentence. *Id.* Thus, the burden on the State is not as great in a revocation hearing. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial judge's superior position. *Id.*

Arkansas Code Annotated section 5-4-303(g) (Repl. 2006) provides:

> (g) If the court suspends imposition of sentence on a defendant or places him or her on probation, *the defendant shall be given a written statement explicitly setting forth the conditions under which he or she is being released.*

(Emphasis added.) In addition, Arkansas Code Annotated section 5-4-303(b) (Repl. 2006), requires that "[t]he court shall provide as an express condition of every suspension or probation that the defendant not commit an offense punishable by imprisonment during the period of suspension or probation."

■ Appellant contends that the "State did not produce a signed paper showing Mr. Patterson was in receipt of any terms." The State acknowledges the statutory requirement to provide a defendant with a written statement explicitly setting forth the conditions under which he or she is being released. It is the State's position, however, that "there is no corollary requirement that the defendant sign a written acknowledgment when he receives this written statement or that one be introduced at a revocation hearing." We agree with the State's position, and appellant has cited no legal authority nor developed any argument that convinces us of his assertion that the State must introduce a signed acknowledgment of his receipt of the terms and conditions of probation.

The judgment and disposition order by which appellant was placed on probation in Case No. LCR-2002-55-5 (theft by receiving) provided in pertinent part:

> Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Punishment rules and regulations.

. . . .

    Conditions of disposition or probation are attached/included.
    __XX__ Yes     _____ No.

In addition, several of the terms and conditions of appellant's probation were set out in the body of this order:

> **THE DEFENDANT SHALL KEEP IN CONTACT WITH THE ADULT PROBATION OFFICE AND NOTICE OF ANY COURT APPEARANCE UPON THE ADULT PROBATION OFFICER CONSTITUTES NOTICE TO DEFENDANT OF SUCH APPEARANCE.**

> The defendant shall pay the above-stated court cost, fine, attorney fee, user's fee, DNA fee, and restitution to the Jefferson County Sheriff's Office at the rate of $ __75.00__ per month.

> The defendant shall pay the above-stated probation fee of __25.00__ per month to the Department of Community Punishment Adult Probation.

. . . .

> Restitution in the amount of: __$3,500.00__ is to be paid to: [Although shown in the judgment, we purposely omit the name of the recipient in this opinion.]

    Ms. Pearce-Lewis testified that she was employed by the Department of Community Corrections, Probation/Parole in Lincoln County and that she is charged with the supervision of the probationers/parolees in that county. She described her office's practices in informing probationers of what is expected of them. Appellant argues that Ms. Pearce-Lewis's "opinion that [appellant] received written notice because that's 'usually' what happens, is nothing but sheer speculation" because she did not have personal knowledge of the matter. We disagree. Not only did appellant not object to her testimony on that basis at the hearing, it is clear that in discussing the regular business practices of the Lincoln County probation office, she did have personal knowledge of those practices as a representative of that office.

Appellant testified at the revocation hearing and did not refute Ms. Pearce-Lewis's testimony. He acknowledged that he was placed on probation with an agreement that he was to pay restitution and other fines and that he had not done so, and he acknowledged that he was expected to perform community service and that he had not done so. Thus, by his testimony alone, appellant demonstrated his knowledge of at least some of the conditions of his probation, and the violation of one condition of probation is sufficient to support a revocation. *Sisk v. State*, 81 Ark. App. 276, 101 S.W.3d 248 (2003).

Affirmed.

BAKER and MILLER, JJ., agree.