
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–12–70

| | | |
|---|---|---|
| | | **Opinion Delivered** December 4, 2013 |
| RECO GIVAN | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NOS. CR-2006-2907; CR-2007-27] |
| V. | | |
| | | HONORABLE RHONDA K. WOOD, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Appellant was placed on probation for a period of five years following his 2007 convictions for residential burglary, theft of property, and violation of the Controlled Substances Act. The conditions of his probation required him to refrain from committing any offense punishable by imprisonment; to report any arrest to the probation office within twenty-four hours; and to pay court costs, fines, and fees. A revocation petition asserting several violations of the conditions of his probation[1] was filed in 2011. After a hearing, appellant's probation was revoked, resulting in a sentence to a term of imprisonment. On appeal, appellant argues that the evidence was insufficient to support a finding that he had knowledge of the conditions of his probation; that the trial court erred in exercising

---

[1]*E.g.*, failure to pay court costs and fines; failure to refrain from using controlled substances; violating Arkansas law by committing the new offense of possession of a controlled substance with intent to deliver; and failure to report the resulting arrest to his probation officer within twenty-four hours.

SLIP OPINION

jurisdiction because appellant had been convicted in a different division of circuit court; that the trial court erred in denying his motion to dismiss based on alleged discovery violations; that appellant was denied due process because the State failed to inform him of the specific acts that he was alleged to have committed in violation of the conditions of his probation; that the trial court lacked jurisdiction to hold a revocation hearing more than sixty days following his arrest; and that the trial court lacked jurisdiction to revoke his probation for failure to comply with Ark. Code Ann. § 5-4-309. We affirm.

We first address the jurisdictional issues. There is no merit to appellant's argument that the trial court lacked jurisdiction to revoke because he was convicted in a different court. Although it is true that probation may be revoked only after a revocation hearing conducted by the court that placed the defendant on probation, Ark. Code Ann. § 16-93-307(b)(2) (Supp. 2013) (formerly Ark. Code Ann. § 5-4-310(b)(2)), sentencing here was in Faulkner County Circuit Court, Fourth Division, and revocation was in Faulkner County Circuit Court, Fifth Division. Because judges of different divisions within a judicial circuit have commutable authority, the trial court had jurisdiction to revoke appellant's probation. *Nation v. State*, 283 Ark. 250, 674 S.W.2d 939 (1984).

Nor is there merit to appellant's argument that the trial court's failure to hold the revocation hearing within sixty days of his arrest deprived the trial court of jurisdiction. No authority is cited for this proposition. Furthermore, the supreme court has squarely held that the purpose of the sixty-day requirement of Ark. Code Ann. § 16-93-307(b)(2) (Supp. 2013) is to assure that a defendant *who has been arrested for violation of probation* is not jailed for an

SLIP OPINION

unreasonable time awaiting his revocation hearing; a defendant who is incarcerated on another charge is not prejudiced if more than sixty days elapses before his revocation hearing. *Beasley v. Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). Here, appellant was in custody on a parole violation during the pendency of the probation revocation and therefore suffered no prejudice.

Also with respect to jurisdiction, appellant argues that the trial court lacked jurisdiction to revoke his probation because the State failed to file a petition for revocation or issue a warrant comporting with Ark. Code Ann. § 5-4-309(e) and (f) (Supp. 2009). Prior to its repeal,[2] section 5-4-309(a) through (f) read:

> (a)(1) At any time *before* the expiration of a period of suspension or probation, *a court may summon a defendant to appear before it or may issue a warrant* for the defendant's arrest.
>
> (2) The warrant may be executed by any law enforcement officer.
>
> (b) At any time *before* the expiration of a period of suspension or probation, any law enforcement officer *may arrest a defendant without a warrant* if the law enforcement officer has reasonable cause to believe that the defendant has failed to comply with a condition of his or her suspension or probation.
>
> (c) A defendant arrested for violation of suspension or probation shall be taken immediately before the court that suspended imposition of sentence, or if the defendant was placed on probation, before the court supervising the probation.
>
> (d) If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

---

[2]*See* Act 570 of 2011. Former section 5-4-309 now appears at Ark. Code Ann. § 16-93-308 (Supp. 2013).

(e) A finding of failure to comply with a condition of suspension or probation as provided in subsection (d) of this section, may be punished as contempt under § 16-10-108.

(f) A court may revoke a suspension or probation *subsequent to the expiration of the period of suspension or probation* if before expiration of the period:

    (1) The defendant is arrested for violation of suspension or probation;

    (2) A warrant is issued for the defendant's arrest for violation of suspension or probation;

    (3) A petition to revoke the defendant's suspension or probation has been filed if a warrant is issued for the defendant's arrest within thirty (30) days of the date of filing the petition; or

    (4) The defendant has been:

        (A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation; or

        (B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation.

(Emphasis added.) Here, appellant argues that jurisdiction was lacking because no warrant for revocation was issued and served under subsection (f). This subsection, however, deals with the requirements bearing upon the court's power to revoke *after* the probationary period has expired. It has no application here because appellant's probation was not revoked *after* the probationary period expired. He was, he admits, convicted on March 14, 2007; thus, his five-year probationary period would not end until March 14, 2012. Appellant's probation was revoked by an order filed October 6, 2011, well within the probationary period.

We next address appellant's argument that the evidence was insufficient to support a finding that he had knowledge of the conditions of his probation. Because the burden on the State is not as great in a revocation hearing as in a criminal trial, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. *Patterson v. State*, 99 Ark. App. 136-A, 257 S.W.3d 921 (2007). On appellate review of an order revoking probation, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* The determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, and we therefore defer to the trial judge's superior position. *Id.*

The record shows that in June 2011 Conway police officers, responding to a report of three black men fighting, arrived on the scene but saw no fighting. When the officers attempted to speak with the men present, appellant backed away, reached into his pockets, and threw away cash and plastic baggies containing approximately sixteen grams of cocaine.[3] Appellant was then arrested. Appellant's probation officer testified at the revocation hearing that appellant did not report this arrest within twenty-four hours, as required by the conditions of his probation, and that appellant had made no payments of fines and costs since May 2009.

Appellant's argument that the State failed to prove that he knew the conditions of his probation is premised on the fact that he did not sign the conditions of probation.

---

[3]Appellant also argues this evidence was the fruit of the poisonous tree and should have been suppressed. We do not address this argument because it was neither raised nor ruled on below. *Green v. State*, 2013 Ark. App. 63.

SLIP OPINION

SLIP OPINION

However, although there is a statutory requirement to provide a defendant with a written statement explicitly setting forth the conditions under which he or she is being released, there is no corollary requirement that the defendant sign a written acknowledgment when he receives this written statement or that one be introduced at a revocation hearing. *Patterson v. State*, 99 Ark. App. 136-A, 257 S.W.3d 921 (2007). Furthermore, appellant does not assert that he, in fact, was unaware that criminal possession of cocaine was a violation of his probationary terms or that he was required by those terms to pay fines and report to his probation officer. Given the evidence that appellant did in fact pay fines and fees until May 2009 and did regularly report as required by the terms of his probation, we hold that the trial court did not clearly err in finding that he was aware of the conditions of his probation. Nor do we agree with appellant's argument that the revocation petition provided him by the State was not sufficiently specific to provide him notice of the probationary conditions that he was charged with violating. The petition to revoke alleged violation of Arkansas law, failure to abstain from illegal substances, failure to pay fines and fees, and failure to report. This was accompanied by a revocation worksheet detailing appellant's arrest for possession of controlled substances with intent to deliver. Specifics of the failure to pay fines and report as directed were also stated on the worksheet. We hold that this constituted adequate notice of the alleged violations to comport with due process and Ark. Code Ann. § 16-93-307(b)(3)(C) (Supp. 2013).

Finally, appellant argues that the trial court erred in denying his motion to dismiss based on an alleged discovery violation by the State. We find no reversible error. We do

not reverse in the absence of demonstrated prejudice, *see Burton v. State*, 314 Ark. 317, 862 S.W.2d 252 (1993), and here no possible prejudice could have resulted from any failure to provide discovery because the trial court granted a continuance to another trial date to allow appellant's attorney to familiarize herself with the witness list that she claimed she did not receive.

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.