SLIP OPINION

Cite as 2014 Ark. App. 46

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-647

FRANKLIN PRILLERMAN
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered January 22, 2014

APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT
[NO. CR-11-269]

HONORABLE SANDY HUCKABEE, JUDGE

REVERSED AND DISMISSED

## ROBERT J. GLADWIN, Chief Judge

Franklin Prillerman appeals the revocation of his probationary sentence in Lonoke County Circuit Court, arguing that there was insufficient evidence to support the circuit court's revocation order. We agree that the State failed to carry its burden of proof, and we reverse.

Appellant pled guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia and by order filed February 15, 2012, was sentenced to concurrent terms of eight years' probation on each count. A petition to revoke probation was filed on March 22, 2013, alleging that appellant had failed to report to his supervising officer in Pennsylvania since his probation intake in Arkansas.

At the hearing on the petition for revocation, Brad Coyle, a probation officer in Lonoke County, testified that, from a review of his case file, appellant's probation was to be transferred from Lonoke County, Arkansas, to Philadelphia, Pennsylvania. Coyle testified

that his office "would only take action unless we were notified by the receiving state whether a violation had occurred. In this instance our action was to file a violation report and submit it to the prosecuting attorney's office." He further stated that on September 21, 2012, he opened correspondence from appellant containing a monthly-report form and a thirty-five dollar money order. The report form reflected appellant's address at 4307 North Hicks, Philadelphia, Pennsylvania, 19040. Coyle also claimed that two more monthly-report forms were received on different dates. One contained a note from appellant stating, "Tried to raise supervision fee but was unable. Income reduced this month. Will pay in September." Coyle stated that, under the federal compact law, Pennsylvania should be receiving that payment. Coyle testified that he did not know of appellant reporting to anybody for probation.

Appellant moved for a directed verdict, arguing that there was no testimony from anyone in the Pennsylvania office about whether appellant reported, even though that was the allegation in the petition. Appellant claimed that there was a distinct lack of evidence that he was contacted by the Philadelphia office or knew what was expected of him. The State argued that, if appellant had done what was required, the case would not be in court and no violation report would have been filed. Further, the State argued that appellant's sending letters to Arkansas claiming that he could not pay was not in the normal course of business when probation has been transferred to another state. The State claimed that, even though no one testified that appellant did not report, it is clear that he did not report because he is still "talking" to Lonoke and paying only thirty-five dollars on his fines. Appellant

countered that there was no evidence that he was sufficiently advised as to the process of transferring the probation to Pennsylvania; thus, there was no evidence that he willfully violated the conditions of his probation. The trial court denied the motion.

Appellant did not present any further evidence but renewed his motion for directed verdict, arguing that he was sending his payments and doing the best that he could and that the State had failed to prove that any violation was willful. The trial court ruled, based on its consideration of State's Exhibits One, Two, and Three, along with the testimony of Officer Coyle, that the State met its burden of proof and the petition to revoke for failure to report to his supervising officer in Pennsylvania was granted.[1] Appellant was sentenced to serve sixty months' imprisonment, with a suspended imposition of sentence of thirty months. The sentencing order was filed on April 22, 2013, and appellant filed a notice of appeal on May 10, 2013. This appeal followed.

The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. *Amos v. State*, 2011 Ark. App. 638; Ark. Code Ann. § 16-93-308(d) (Supp. 2011). Because the burden on the State is not as great in a revocation hearing as in a criminal trial, evidence that is insufficient for a criminal conviction may be sufficient for revocation

---

[1]State's Exhibit One is appellant's guilty-plea agreement filed February 15, 2012. State's Exhibit Two is an Arkansas Department of Community Correction form entitled "Monthly Supervision Report & Needs Assessment for Parole/Probation" that reflects that appellant's address was in Philadelphia, Pennsylvania, and that he was living with his sister. State's Exhibit Three is identical to Exhibit Two, except that it is signed by appellant and dated August 24, 2013. On the back of Exhibit Three is the handwritten note indicating that appellant's income was reduced and that he would pay in September.

of probation or suspended sentence. *Patterson v. State*, 99 Ark. App. 136-A, 257 S.W.3d 921 (2007). On appellate review of an order revoking probation, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id*. The determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, and we therefore defer to the trial judge's superior position. *Id*.

Appellant contends that there is insufficient evidence to support the trial court's findings of a willful violation of the conditions of probation. We agree. To support the State's allegation that appellant failed to report to his probation officer in Pennsylvania, Officer Coyle testified that he received a "response" from Pennsylvania, and based on that response, his office filed a violation report. He further testified regarding mail received from appellant that contained a monthly-report form and a money order. However, this testimony was insufficient for the trial court to conclude that appellant willfully violated the terms and conditions of his probation, as there was no evidence that he was required to report in Pennsylvania. Further, there was no testimony from anyone that appellant was given directions to whom to report in Pennsylvania. Thus, there was no evidence presented to the trial court of a violation of any condition of appellant's probation.

The State argues that appellant's arguments are meritless. The State contends that Officer Coyle testified that "from his review of the file that appellant failed to report to a supervising officer in Pennsylvania." Officer Coyle's testimony was as follows:

> We would only take action unless we were notified by the receiving state whether a violation had occurred. In this instance our action was to file a violation report and

4

SLIP OPINION

submit it to the prosecuting attorney's office.

The State also points to Officer Coyle's testimony that when a probationer is transferred to another state, the probationer would not send money back to the sentencing state, instead the money would go to the actual supervising state. The State argues that Officer Coyle would have had no reason to contact the prosecutor's office to file a petition to revoke appellant's probation had appellant reported as was required. The State further asserts that the fact that appellant was corresponding with Lonoke County and sending minimal payments suggests that he failed to report in Pennsylvania.

We do not agree with the State's conclusion that the trial court's finding was not clearly against the preponderance of the evidence. The State failed to present evidence of the establishment of probationary parameters for appellant in Pennsylvania, nor did the State establish that appellant failed to comply with those conditions. The State's argument, that logic must lead us to conclude that appellant must have established a probationary transfer to Pennsylvania and that he thereafter did not comply with that probation because a revocation petition had been filed, does not meet its burden of proof, but only serves to establish that a petition to revoke was filed.

Reversed and dismissed.

WOOD and BROWN, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.