

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-980

| | |
|---|---|
| JAMES CHRISTOPHER GEESLIN<br><div align="right">APPELLANT</div><br><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered:** November 1, 2017<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-09-416]<br><br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

The Faulkner County Circuit Court revoked appellant James Geeslin's suspended sentence upon finding that he had violated the conditions of his suspension by possessing a firearm. He was sentenced to twenty years' imprisonment. Geeslin raises two arguments on appeal: (1) the trial court had no authority to revoke his suspended sentence because there was no proof that he had received statutory notice of the conditions, and (2) the trial court should have stayed the revocation proceedings until after the adjudication of the related federal gun charges. We affirm.

### I. *Procedural History*

On February 2, 2010, Geeslin pleaded guilty to six felonies, including aggravated residential burglary, terroristic act, possession of a firearm by a felon, and three counts of aggravated assault. In a judgment-and-commitment order dated February 2, 2010, Geeslin was sentenced to a total of twenty years in the Arkansas Department of Correction, and he

received twenty years' suspended imposition of sentence (SIS) related to the possession-of-a-firearm conviction. The record contains a document entitled "Conditions of Suspension," which is dated February 2, 2010, and is signed by both Geeslin and the circuit judge. On July 7, 2010, the judgment-and-commitment order was amended to allow Geeslin more jail-time credit. The order was amended again on May 6, 2015. A different judgment-and-commitment-order form was used; the order contained minor changes; and a box was marked "no" next to whether "conditions of disposition or probation are attached."

Geeslin was released from prison in June 2015. In January 2016, he was arrested by the North Little Rock Police Department and later charged with being a felon in possession of a firearm. On February 9, 2016, the State filed a petition to revoke, alleging that Geeslin had violated the conditions of his suspension by "receiv[ing] new charges." On May 10, 2016, the United States District Court of the Eastern District of Arkansas indicted Geeslin for possessing firearms and ammunition. Following a revocation hearing on July 15, 2016, a judgment-and-commitment order was entered on July 19, 2016, revoking Geeslin's SIS and sentencing him to twenty years' imprisonment for possessing a firearm.

## II.    *Revocation Hearing*

At the hearing, Geeslin testified that after he had entered his plea on February 2, 2010, he was immediately transported to the Arkansas Department of Correction. He claimed that he had not seen a probation officer or any other officer of the court before being transported to prison and that no one had visited him in prison to review the conditions of his suspension. Geeslin admitted having signed the "Conditions of Suspension," but he insisted that he had not received a copy of those conditions. He

acknowledged having received all of the other paperwork "but not [his] suspended imposition of sentence paperwork." He testified that he was unaware of the amended orders.

Deputy Don Fulmer with the Faulkner County Sheriff's Office testified that he started working as a bailiff part time in 2009 and full time in 2012 for Judge Clawson and Judge Reynolds. He testified that, although he had no personal recollection of having served Geeslin with a copy of the conditions of suspension, "[t]hey either get a copy in court of their judgment with all their paperwork when they plead guilty or they're given a copy at the jail. That's given to them in every case."

The trial court concluded that Geeslin had received adequate notice of the written conditions of his suspension at the time he entered his plea, as reflected by his signature on the written conditions. The trial court then proceeded with testimony related to Geeslin's arrest on January 1, 2016. Although Geeslin does not appear to challenge the sufficiency of the evidence with respect to his revocation, the following is a summary of the testimony regarding the new felon-in-possession-of-a-firearm charge.

Joshua Forney, a patrolman with the North Little Rock Police Department, was dispatched to a residence based on an anonymous complaint about a possible breaking or entering. He saw Geeslin standing next to the bed of a red Ford truck that had been backed into a driveway, and a pump-action shotgun was in plain view on the front seat of the truck. During a patdown of Geeslin's person, Forney found a .25-caliber handgun with a full magazine in Geeslin's "right rear pocket." In a front pocket of Geeslin's pants, Forney found another full magazine, a baggie containing ammunition for the handgun, and six shotgun shells. Forney said that he did not recall Geeslin's having worn a jacket that night and did

not collect any jacket as evidence. Although the truck was not registered to Geeslin, Geeslin claimed that it belonged to him.

Geeslin's brother, Justin Geeslin, testified that he and his brother had come from Conway to gather their father's belongings at a residence a few blocks away from the residence where they were staying the night with friends. Justin said that he had driven the red Ford truck, which belonged to him, and that his brother had driven a white Chevrolet truck. Justin said that the shotgun belonged to their father and that he (Justin) had taken it from his father's residence and placed it under the front seat of the red truck. Justin further claimed that he had worn a green Carhartt jacket earlier that night and that he had placed in the jacket's pockets his mother's .25-caliber handgun and some shotgun shells from his father's residence. According to Justin, although his brother had his own jacket, for some unknown reason, Geeslin was wearing his (Justin's) jacket at the time of his arrest that night. Brandi Wallace, Geeslin's girlfriend, testified that she did not see Geeslin in possession of any firearms or ammunition, and she denied that Geeslin had worn a green Carhartt jacket that night.

### III. *Discussion*

### A. Sufficiency of the Evidence

To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspension by a preponderance of the evidence. *Johnson v. State*, 2014 Ark. App. 606, 447 S.W.3d 143. On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal

conviction may be sufficient for revocation of probation or suspension. *Id.* Thus, the burden on the State is not as great in a revocation hearing. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial court's superior position. *Id.*

Geeslin states that he "understands the unlikely success of reversing a revocation on a factual argument based on the standard of review." Geeslin states that, at most, he was in the vicinity of two firearms but was not in actual possession or control of them. He maintains that he was unaware of the presence of the firearms and that his proximity to them was accidental.

Even if Geeslin did not possess or control the shotgun, there was ample evidence that Geeslin was nevertheless in possession of the handgun and ammunition for both the handgun and the shotgun. According to Forney, he found the handgun and ammunition in the front and back pockets of Geeslin's pants. The trial court was not required to believe Justin's account, especially given the testimony from Forney that he did not recall Geeslin's having worn a green Carhartt jacket and from Wallace, who flatly denied that Geeslin had worn that jacket. To the extent that there is a challenge to the sufficiency of the evidence, we cannot say that the trial court's decision to revoke Geeslin's SIS was clearly against the preponderance of the evidence.

### B.   Notice of Conditions of Suspension

Arkansas Code Annotated section 5-4-303(g) (Supp. 2009) (currently codified at 5-4-303(e)(2) (Supp. 2015)) provides that, if the trial court suspends imposition of sentence, the court shall give the defendant a written statement explicitly setting forth the conditions

under which he or she is being released. As a rule, criminal statutes are strictly construed with any doubts resolved in favor of the accused. *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998).

Geeslin argues that he did not receive the required statutory notice of the conditions of his SIS in 2010. Geeslin maintains that, although he signed a document entitled "Conditions of Suspension," there was no indication that he had been provided with a copy of the document—his signature proves only that the document had been shown to him.[1] He contends that he also did not receive the conditions when the trial court twice amended the sentencing order. In fact, he contends that the second amended order "admits" that he did not receive notice because it indicates that the conditions were not attached to the order. He asserts that those amended orders superseded the original order and that it was incumbent on the State to serve him with notice of the amended orders and with the terms and conditions applicable to those orders.

The State must prove by a preponderance of the evidence that Geeslin received the statutorily required written notice of the conditions of his suspended sentence. *See, e.g.*, *Lambert v. State*, 2013 Ark. App. 64, 426 S.W.3d 478. In *Berry v. State*, 2010 Ark. App. 217, this court held that the appellant's signature on the documents listing the conditions was sufficient to support the trial court's determination that the appellant knew, understood, and

---

[1]Citing a 1999 unpublished opinion, Geeslin argues that the bailiff's testimony about standard practices is insufficient to establish that he received notice of the conditions. Arkansas Supreme Court Rule 5-2(c) (2016) provides that opinions of the Supreme Court and Court of Appeals issued before July 1, 2009, and not designated for publication shall not be cited, quoted, or referred to by any court or in any argument, brief, or other materials presented to any court.

consented to the conditions. Here, Geeslin does not assert that he was unaware of the conditions but only that he did not get a copy of them.

Geeslin relies on the holdings in *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980) ("[C]ourts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence."); *Zollicoffer v. State*, 55 Ark. App. 166, 934 S.W.2d 939 (1996) (reversing and remanding a revocation where the trial court had acknowledged that "there was no evidence and nothing in the file to indicate that appellant received any written conditions"); and *Neely v. State*, 7 Ark. App. 238, 647 S.W.2d 473 (1983) (reversing a revocation where the trial court relied on an implied condition of suspension; the State conceded that the appellant had only orally been told that his suspended sentence was conditioned on his good behavior, and the appellant argued on appeal that there was no proof that he had any knowledge of the conditions of his suspension). Those cases are distinguishable in that they did not involve conditions that had been expressly communicated in writing. Here, Geeslin's signature appears on the conditions of suspension that were expressly communicated in writing.

In *Fleming v. State*, 2013 Ark. App. 551, this court recognized that a defendant has a right to a written statement explicitly setting forth the conditions of his or her release, but stated, "[W]hen the 'twin purposes' of the notice requirement—assisting the defendant to lead a law-abiding life and preventing confusion on the defendant's part—are otherwise met, the record need not reflect that defendant actually received written notice." *Fleming*, 2013 Ark. App. 551, at 3.

Here, the document entitled "Conditions of Suspension" has been signed by both the circuit judge and Geeslin, and it is dated February 2, 2010, the same day that Geeslin entered his plea. Geeslin acknowledged having received all of the other paperwork associated with his plea. Further, Geeslin does not contend that he was not aware of the conditions of his suspended sentence. We hold that this was sufficient evidence that Geeslin received conditions of suspension that were expressly communicated in writing.

In any event, Deputy Fulmer testified that, in every case, a person who has been placed on probation or suspension gets a copy of his or her paperwork when he or she pleads guilty. Although Deputy Fulmer did not have any personal recollection of having handed the paperwork to Geeslin, he had personal knowledge of the standard practices of the Faulkner County Sheriff's Office. In *Patterson v. State*, 99 Ark. App. 136-A, 257 S.W.3d 921 (2007), a probation officer testified about her routine practice of informing probationers what is expected of them. Patterson argued that the probation officer's "opinion that [appellant] received written notice because that's 'usually' what happens, is nothing but sheer speculation" because she did not have personal knowledge of the matter. This court disagreed, stating, "Not only did appellant not object to her testimony on that basis at the hearing, it is clear that in discussing the regular business practices of the Lincoln County probation office, she did have personal knowledge of those practices as a representative of that office." *Patterson*, 99 Ark. App. at 136–D, 257 S.W.3d at 923.

Geeslin asserts that "the record is void of any documentary proof" that the conditions were served on him and that there is "no documentary evidence" that supports that he was given a copy of the conditions to review and retain. The *Patterson* court pointed out that

there is no requirement that the defendant sign a written acknowledgment when he receives a written statement of conditions or that one be introduced at the revocation hearing. *See also Lambert*, *supra* (recognizing that the State does not have to introduce into evidence a piece of paper, which the defendant has signed or initialed, that acknowledges he has, in fact, received written notice of the probationary terms and conditions).

Here, Geeslin did not object to Deputy Fulmer's testimony and did not refute that testimony. The trial court could have believed Deputy Fulmer's testimony about standard practices and could have disbelieved Geeslin's claim that he did not receive a copy of the conditions of suspension given that Geeslin's signature was on the conditions of suspension and he admitted having received a copy of all of the other paperwork.

We hold that Geeslin had adequate notice of the conditions of his suspension. While Geeslin claims that he was not served with conditions each time the judgment and commitment order was amended, there is no indication from the record that additional conditions had been imposed. The State alleged that Geeslin violated one or more of the conditions he had signed in 2010: he received a new charge related to his commission of possession of a firearm by a felon. *See Morgan v. State*, 72 Ark. App. 482, 37 S.W.3d 684 (2001). The conditions of suspension included a provision that Geeslin "shall not purchase, own, or have firearms or any deadly/dangerous weapons in his possession at any time." Under these circumstances, we cannot say that the trial court's decision was clearly against the preponderance of the evidence.


### C. Staying Revocation Proceedings

Next, Geeslin argues that, because he had pending federal gun charges stemming from the same facts and circumstances forming the basis for the revocation proceedings in state court, the revocation proceedings should have been stayed. He contends that, if he were to be acquitted of the federal gun charges, it would be "powerful defense evidence" in the revocation proceedings.[2]

Arkansas Code Annotated section 5-4-309(d) (Repl. 2006), which was in effect when the underlying offenses were committed, provides that the trial court may revoke the suspension or probation of a defendant *at any time prior to the expiration of the period of his suspension or probation. See Davis v. State*, 308 Ark. 481, 825 S.W.2d 584 (1992) (noting that the supreme court has consistently upheld a trial court's decision to revoke probation on the basis of a subsequent crime prior to conviction for that crime). The trial court revoked Geeslin's SIS long before the period of suspension had expired. Also, the condition of suspension that Geeslin was charged with violating provides that he shall not have firearms in his possession at any time; Geeslin had a loaded firearm in his back pocket. There was no requirement that Geeslin be convicted of being a felon in possession of a firearm before the trial court could revoke his SIS.

---

[2]Geeslin argues that Justice George Rose Smith in *Hawkins v. State*, 251 Ark. 955, 475 S.W.2d 887 (1972), cited with approval the American Bar Association's "Standards Relating to Probation," which provided that "a revocation proceeding based solely upon the commission of another crime ordinarily should not be initiated prior to the disposition of that charge." Geeslin acknowledges, however, that the ABA Standards had not been adopted in Arkansas at that time, citing *Ellerson v. State*, 261 Ark. 525, 549 S.W.2d 495 (1977).



Affirmed.

GLOVER and MURPHY, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.