MIKE MURPHY, Judge
This no-merit appeal returns to us after we ordered rebriefing and denied counsel's motion to withdraw. Rigsby v. State , 2019 Ark. App. 17. The briefing deficiencies have been corrected by counsel, and we affirm the revocation of appellant Joshua Rigsby's probation and grant counsel's motion to withdraw.
Rigsby pleaded guilty in February 2017 to the crime of theft by receiving and received a six-year term of probation. The State filed a petition to revoke in May 2017 alleging three violations of probation. Following a hearing, the Miller County Circuit Court revoked Rigsby's probation and sentenced him to six years in the Arkansas Department of Correction. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k), Rigsby's counsel has filed a motion to be relieved as his attorney in which he alleges that this appeal is without merit. Counsel has also filed a brief in which he contends that all adverse rulings have been abstracted and discussed. Rigsby was provided with a copy of his counsel's brief and motion and informed of his right to file pro se points, which he has chosen to do.
On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. Vail v. State , 2019 Ark. App. 238. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. Id. Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Id. Proof of just one violation of the probation terms and conditions is sufficient to support revocation. Id.
A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. Brown v. State , 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to Anders , we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. T.S. v. State , 2017 Ark. App. 578, 534 S.W.3d 160.
As an initial matter, we need not address the merits of Rigsby's points on appeal. He first argues that he did not receive adequate notice of the revocation hearing under *456 Arkansas Code Annotated section 16-93-308(a)(3). This argument is not preserved for our review because it was not made to the circuit court at the revocation hearing. Below, Rigsby objected to the hearing on the basis of the sixty-day rule, not on lack of notice.
Next, Rigsby argues that the circuit court's findings that he committed commercial burglary and was a felon in possession of a firearm are not supported by sufficient evidence. However, he does not challenge the circuit court's finding that he failed to pay the court-ordered financial obligations; Rigsby admitted below that he had never made a payment. The court specified that the court-ordered obligation was separate from the supervision fees. Because he failed to challenge all of the circuit court's grounds for revocation, we affirm without addressing the merits of the order. Cox v. State , 2017 Ark. App. 73, at 2.
In the no-merit brief, counsel has adequately explained why an appeal would be wholly frivolous. Rigsby's probation was conditioned on not owning, controlling, or possessing a firearm or being in the company of any person possessing one, and not committing a criminal offense punishable by imprisonment. The evidence showed that Rigsby committed the felony offense of possession of a firearm by certain persons and commercial burglary. At the revocation hearing, Sergeant Zachary White of the Texarkana Police Department testified that he was called in on a commercial burglary of the Save-A-Lot early on the morning of April 28, 2016. He recalled that a vehicle had driven through the front doors, and the ATM had been removed. White further testified that he obtained a search warrant for the Rigsby residence, and when it was executed, both Rigsby and his wife, Crystal Rigsby, were present in the apartment. Under the mattress in the bedroom, the police found a firearm. Rigsby was subsequently arrested for committing the criminal offense of possession of a firearm by certain persons. Crystal testified that she did not know where the gun had come from and that she had never seen Rigsby with it. Rigsby himself testified that he had no knowledge that there was a gun in the apartment.
At the end of the hearing, the circuit court found by a preponderance of the evidence that Rigsby had committed the offense of commercial burglary as well as being a felon in possession of a firearm. In addressing the felon-in-possession charge, the circuit court noted the testimony that "there were only two individuals who customarily were in the bedroom at that residence, one of them being Ms. Rigsby who denied knowledge of said firearm."
In revoking Rigsby's probation on the basis of the felon-in-possession charge, the circuit court found Crystal more credible than Rigsby. We give great deference to the circuit court in determining the preponderance of the evidence because it is in a superior position to determine the credibility of witnesses and to determine the weight to be given to their testimony. Denson v. State , 2012 Ark. App. 105, at 4. Moreover, Crystal denied having knowledge of the gun when there was no indication that it would have been unlawful for her to possess a firearm. Thus, with a preponderance-of-the-evidence standard, counsel is correct that there can be no issue of arguable merit raised on appeal about whether the State proved this alleged violation. Because proof of just one violation of the probation terms and conditions is sufficient to support revocation, we need not address the other violations involving commercial burglary and the failure to pay fees.
The only other adverse ruling from the revocation itself was Rigsby's request for dismissal at the outset of the hearing. Rigsby moved to dismiss the revocation charges under the sixty-day rule provided *457 by Arkansas Code Annotated section 16-93-307(b)(2) (Supp. 2013). Under section 16-93-307(b)(2), a revocation hearing must be held within sixty days of the defendant's arrest. Rigsby contends that because he was arrested on May 3 2016, and the revocation hearing was not held until December 5 2016, there was not compliance with the statute and that the circuit court's revocation was untimely and illegal. The court denied the motion because the case had been continued several times since June 20, 2016.
In his no-merit brief, counsel cites Givan v. State , 2013 Ark. App. 701, at 2-3, to support his argument that there is no issue of arguable merit. He correctly notes that the Givan decision stated a defendant is not prejudiced if he is incarcerated on another charge if more than sixty days elapsed before his revocation hearing. Here, Rigsby was in custody for reasons other than violating his probation. In addition, Rigsby sought and was granted two continuances, which put off his revocation hearing until December 5. For the reasons stated, we agree with counsel that the denial of Rigsby's motion to dismiss the revocation hearing for violation of Arkansas Code Annotated section 16-93-307(b)(2) cannot be a meritorious point for reversing the circuit court's findings.
Having reviewed the record, counsel's brief, and Rigsby's pro se points, we hold that counsel has complied with the requirements of both Anders and Arkansas Supreme Court Rule 4-3(k)(1) and that the appeal has no merit. We affirm the revocation of Rigsby's probation and grant his counsel's motion to be relieved.
Affirmed; motion to withdraw granted.
Virden and Brown, JJ., agree.