Cite as 2024 Ark. App. 536

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-24-93

|  |  |
|---|---|
| | **Opinion Delivered** November 6, 2024 |
| CRYSTAL VANN | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. 16JCR-21-1228] |
| STATE OF ARKANSAS | HONORABLE CHRIS THYER, |
| APPELLEE | JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Crystal Vann appeals the order of the Craighead County Circuit Court revoking her probation.[1] She contends that the circuit court erred because the evidence was insufficient to prove that she violated the terms of her probation. We affirm.

Before explaining the case and our decision, it is time to tell Vann's counsel that she needs to take more care in preparing her briefs in this court. They fall well below our minimum standards. We offer this admonition as a course-correction measure and are confident that we will not have to repeat ourselves again on this point. Now, the substance of this appeal.

---

[1]This is a companion case to *Vann v. State*, 2024 Ark. App. 537, an appeal from the revocation of Vann's probation in case No. 16JCR-22-1272, also handed down today. The circuit court held one revocation hearing on the State's petitions in both cases.

In December 2021, the State charged Vann with possession of a controlled substance (methamphetamine), possession of drug paraphernalia, possession of a controlled substance (marijuana), driving on a suspended or canceled license, and driving without insurance. She pled guilty to possession of a controlled substance (methamphetamine) and received a sentence of three years' probation; the State nolle prossed the remaining charges.

In September 2022, the State petitioned to revoke Vann's probation and alleged that she had failed to report on 11 August 2022 after she was released from incarceration; failed to report as directed on 26 August 2022; "made her whereabouts unknown" as of 1 September 2022; and owed $175 in supervision fees. The State later filed a supplemental petition alleging that Vann had committed the offenses of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia in September 2022. Vann again pled guilty and received a sentence of three years' probation.

The State petitioned to revoke Vann's probation again on 20 January 2023 and alleged that she had committed the offense of possession of methamphetamine on or about 3 January 2023. Between February 6 and September 6, the petition was amended five times; relevant to this appeal, those amended petitions included additional allegations of (1) possession of drug paraphernalia and associating with other probationers on January 3; (2) possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia on January 17;[2] (3) possession of methamphetamine on March 2; (5) failure to

---

[2]The amended petition identifies the date of these offenses as January 16; however, later amended petitions and the testimony at the revocation hearing identify the date as January 17.

report on August 10; and (6) failure to inform her probation officer of her current address.

The circuit court held a revocation hearing on 16 October 2023. Corey Obregon, a police officer with the Jonesboro Police Department, testified that on 3 January 2023, he conducted a traffic stop on an individual named Steve Randall, which led to a probation search of Randall's residence. Approximately five other people also stayed at that residence, including Vann, and most of the occupants were on probation or parole. Vann identified the room in which she and her daughter resided, and in that room, police located a small box containing a meth pipe and three individual baggies of methamphetamine. Vann was arrested for possession of drug paraphernalia and possession of methamphetamine.

Trevor Sutton, also a Jonesboro police officer, testified that on 17 January 2023, he and another officer observed a vehicle driven in a suspicious manner as if to avoid police contact. Vann was the driver, and her daughter was also in the car. The officers determined that Vann was on probation, and Sutton conducted a probation search. Sutton found a glass meth pipe and a small amount of marijuana in Vann's purse. Consequently, Vann was arrested on charges of possession of drug paraphernalia and possession of marijuana.

Summer Lovins, a corrections officer with the Craighead County Sheriff's Department, testified that she performed Vann's intake at the detention center on January 17. Because the charges related to drugs, part of Vann's intake was a strip search. That search revealed a small bag of a green, leafy substance and a small bag of a white, crystal-like substance.

Tanner Seal, a Jonesboro police officer, testified that he responded to an alarm at a business on 2 March 2023. Vann and another individual were in a vehicle parked behind

the business. Another officer conducted a probation search of Vann's person and found a red leather bag containing two glass meth pipes and a white, crystalized substance in a baggie. Vann was arrested for possession of drug paraphernalia and possession of methamphetamine.

Christopher Shaver, Vann's current probation officer, testified that since November 2022, Vann had committed multiple felonies and associated with other known felons, which are violations of the terms and conditions of her probation. She had been charged with possession of methamphetamine and marijuana multiple times, had failed to report on August 10, and changed residences without informing him. After her arrests, she was required to report to her probation officer within twenty-four hours of her release, but she failed to do so. Finally, Vann tested positive for methamphetamine and amphetamine in September 2023 and admitted using marijuana and methamphetamine in December 2022.

The State rested, and the defense rested without presenting any evidence. The defense then moved to dismiss,[3] arguing that the State had failed to prove by a preponderance of the evidence that Vann had actual or constructive possession of the drugs at the times she was arrested. Counsel asserted, "There were many people at the house in one of the arrest[s]. There [were] other people that had access to her car. There were people—obviously at each arrest there seems to have been multiple people that could have had access and could have planted those drugs at that time."

The court denied the motion and found by a preponderance of the evidence that

---

[3]Counsel framed this as a motion for directed verdict, but in a bench trial a challenge to the sufficiency of the evidence is made in a motion to dismiss. *Sharp v. State*¸ 2019 Ark. App. 506, 588 S.W.3d 770.

4

Vann had inexcusably violated the terms and conditions of her probation. The court revoked Vann's probation and sentenced her to six years' imprisonment. She has timely appealed.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). The State has the burden of proving that a condition of probation has been violated. *Thompson v. State*, 2019 Ark. App. 421, 586 S.W.3d 682. The State need only show that the defendant committed one violation in order to sustain a revocation. *Id*.

On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Geeslin v. State*, 2017 Ark. App. 571, 533 S.W.3d 132. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspension. *Id*. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id*.

Vann argues, as she did below, that when her arrests for possession occurred, she was not the only person with access to the contraband. On January 3, it was unknown whether other occupants of Randall's home had access to her room; on January 17, it was unknown whether anyone had access to her purse prior to her arrest, and a guard was present when drugs were found during her strip search. Vann contends that "to assume she had

constructive possession or actual possession of the drugs and contraband is purely speculative."

Vann also asserts that the circuit court erred in revoking her probation based on "technical violations." She acknowledges this was not argued below but notes that in revocation cases, the sufficiency of the evidence can be challenged without a motion to dismiss. *Brown v. State*, 2016 Ark. App. 403, 500 S.W.3d 781. She argues, "In the instant case, the probation officer testified of the technical violations from a report he did not create. He admitted he was reading from the violations report. As such, it should be discounted in its veracity."

When multiple offenses are alleged as justification for revocation of probation, the circuit court's finding that revocation is justified must be affirmed if the evidence is sufficient to establish that the appellant committed any one of the offenses. *Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814. Moreover, if the circuit court bases its decision to revoke on multiple independent grounds, and the appellant fails to challenge any independent alternative basis for the judgment, we will affirm without addressing arguments targeted to the other grounds. *Harden v. State*, 2023 Ark. App. 361, 676 S.W.3d 4.

Here, Vann challenges the bases that she possessed either drugs or drug paraphernalia on January 3 and January 17 and purports to challenge the "sufficiency" of the probation officer's testimony. However, she fails to challenge the alternative bases that she possessed methamphetamine on March 2 and that she associated with other probationers. Thus, we affirm without addressing the merits of her argument.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.